IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 10-20024-JWL |
| ADRIAN MATA RODRIGUEZ, ) | 12-02245-JWL |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**MEMORANDUM AND ORDER**

Adrian Mata Rodriguez was convicted following a jury trial of distribution of 5 grams or more of methamphetamine; possession with intent to distribute 50 grams or more of methamphetamine; managing or controlling a drug involved premises for the purpose of storing, using, and distributing methamphetamine; being an alien in possession of a firearm; and illegal reentry into the United States (doc. 65). The defendant received a sentence of 188-months imprisonment (doc. 89). Mr. Mata Rodriguez filed a direct appeal challenging the sufficiency of the evidence to sustain his convictions for maintaining drug involved premises, possessing methamphetamine with intent to distribute, and being an alien in possession of a firearm. The Tenth Circuit affirmed the defendant's convictions. *United States v. Mata Rodriguez*, No. 10-3272, 2011 WL 5009858 (10th Cir. Oct. 21, 2011). Mr. Mata Rodriguez then filed a motion under 18 U.S.C. § 2241 (Case No. 11-03157, doc. 1). District Court Judge Richard

1

Rogers dismissed the petition without prejudice for lack of jurisdiction (doc. 2). The defendant appealed the District Court's decision, and the Tenth Circuit affirmed. *Mata Rodriguez v. United States*, No. 11-3297, 2011 WL 6739428 (10th Cir. Dec. 23, 2011).

Mr. Mata Rodriguez is again before this court on a motion to vacate filed pursuant to 28 U.S.C. § 2255 (doc. 110). For the reasons set forth below, this motion is construed as a motion seeking modification of an imposed term of imprisonment pursuant to 18 U.S.C. § 3582, and this motion is dismissed for lack of jurisdiction.

**1. Relief Sought under 18 U.S.C. § 3582**

As a preliminary matter, the court declines to construe Mr. Mata Rodriguez's motion under 28 U.S.C. § 2255. A "§ 2255 petition attacks the legality of detention," rather than the execution of a sentence. *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (citation omitted). Although the defendant labeled his motion as seeking relief pursuant to § 2255, the content of the defendant's motion does not challenge the legality of his detention. Instead, Mr. Mata Rodriguez seeks a sentence reduction under the Fair Sentencing Act of 2010 (FSA). As such, the defendant's motion is construed as seeking modification of an imposed term of imprisonment under 18 U.S.C. § 3582. *See Castro v. United States*, 540 U.S. 375, 381-82 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. . . . They may do so in order to avoid an unnecessary dismissal, . . . to avoid inappropriately stringent application of formal labeling requirements, . . . or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis."); *see also United States v.*

2

*Henriquez-Serrano*, No. 09-3003, 2009 WL 1228248, at *1 (10th Cir. May 6, 2009) (construing pro se motion labeled at § 2255 petition as a motion to reduce sentence under § 3582).

**2. Ineligible for § 3582 Relief**

Mr. Mata Rodriguez seeks § 3582 relief based on the Fair Sentencing Act of 2010 (FSA). He contends that the FSA reduces the sentence for defendant's convicted of drug crimes based on quantities of methamphetamine. The defendant further asserts that under the FSA, his case is a misdemeanor, or, alternatively, "at worst case scenario" yields a base offense level of 20 (doc. 110, at 9).

Section 3582 allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . consistent with the applicable policy statement issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The policy statement to which § 3582(c)(2) refers is § 1B1.10 of the United States Sentencing Guidelines. Section 1B1.10 allows a court to reduce a term of imprisonment under § 3582(c) provided that the guideline range applicable to the defendant was subsequently lowered by one of the specific amendments to the Guidelines listed in § 1B1.10(c). U.S.S.G. § 1B1.10(a)(1). Section 1B1.10(a)(2) provides that a reduction is not authorized if the retroactive amendments do not apply to the defendant or do not have the effect of lowering the applicable guideline range.

In 2010, Congress passed the Fair Sentencing Act, Pub. L. No. 11–120, 124 Stat. 2372 (2010), amending various United States Code provisions with respect to crack

cocaine violations, which, in effect, raised the quantities of cocaine base required to trigger various statutory mandatory minimum sentences from a 100:1 to an 18:1 "crack-to-powder" ratio.  The statutory provisions of the FSA, including the increase in the threshold quantity of crack cocaine required to trigger a mandatory minimum sentence, were not made retroactive.  *United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010). The FSA directed the Sentencing Commission to amend the Sentencing Guidelines to conform with the new law within 90 days of the FSA's enactment.  In response, the Sentencing Commission issued amended Guidelines to reflect the FSA's new crack-to-powder ratio.  U.S.S.G. App. C, Amend. 750 (2011).  The Commission subsequently ordered that this Amendment, unlike the FSA, become retroactively effective on November 1, 2011.

At sentencing, the court determined Mr. Mata Rodriguez's base offense level based on quantities of methamphetamine—not cocaine base.  The FSA and U.S.S.G. Amendment 750 impact offenses involving cocaine base, not offenses involving methamphetamine or other controlled substances.  As a result, the FSA and Amendment 750 do not have the effect of lowering the defendant's applicable guideline range.  Thus, a reduction in the defendant's term of imprisonment is not consistent with the policy statement in § 1B1.10 and therefore is not authorized under 18 U.S.C. § 3582(c)(1)

As the facts establish that Mr. Mata-Rodriguez's sentence is not based on a guideline range that has subsequently been lowered by the Sentencing Commission, the court is without jurisdiction to consider a reduction of sentence under § 3582(c)(2). *United States v. Curtis*, 252 Fed. App'x 886, 887 (10th Cir. 2007) (Where the amendment

did not subsequently lower the defendant's Guideline range, the district court has no jurisdiction to consider a modification to his sentence under 18 U.S.C. § 3582(c)(2)).

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (doc. 110) is construed as a motion seeking modification of an imposed term of imprisonment under 18 U.S.C. § 3582.  This motion is dismissed for lack of jurisdiction.

**IT IS SO ORDERED** this 19th day of July, 2012.

s/ John  W. Lungstrum
John W. Lungstrum
United States District Judge