IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                  Case No. 10-20024-01-JWL

**Adrian Mata-Rodriguez,**

      **Defendant.**

## MEMORANDUM & ORDER

A jury convicted Adrian Mata-Rodriguez of various drug crimes, including distribution of and possession with intent to distribute 5 grams or more methamphetamine. Utilizing U.S.S.G. § 2D1.1, the presentence investigate report calculated Mr. Mata-Rodriguez's total offense level as 38 with a criminal history category of II, with a resulting advisory guideline range of 262 months to 327 months. After resolving objections to the presentence report, the court ultimately assessed a total offense level of 34 and a criminal history category of I, with a resulting advisory guideline range of 151 months to 188 months. The court sentenced Mr. Mata-Rodriguez to 188 months imprisonment, the high-end of the range.

The Office of the Federal Public Defender was appointed to represent Mr. Mata-Rodriguez to ascertain whether Mr. Mata-Rodriguez was entitled to relief under Amendment 782. Thereafter, the Federal Public Defender submitted an agreed order for the court's signature (doc. 132) indicating that the parties had agreed that Mr. Mata-Rodriguez was entitled to a two-level reduction in light of Amendment 782 such that his new advisory guideline range was 121 months to 151 months. Counsel further advised the court that Mr. Mata-Rodriguez had

agreed not to challenge a high-end sentence, as he had received a high-end sentence previously. Consistent with those representations, the court entered the order reducing Mr. Mata-Rodriguez's sentence to 151 months, the high-end of the new range.

Now, four months later, Mr. Mata-Rodriguez has filed a motion in which he seeks to obtain "all documents" relied upon in calculating his new sentence as well as transcripts of the "re-sentencing hearing." He further asks the court to appoint counsel to him for the purpose of appealing the order reducing his sentence. The court construes Mr. Mata-Rodriguez's motion (untimely as it may be) as a motion to reconsider the order reducing his sentence and denies that motion.

The starting point, of course, is that Mr. Mata-Rodriguez, through his appointed counsel, agreed with the government that his new sentence was appropriately calculated under Amendment 782 as 151 months. Indeed, the court's order reflects that it was entered "pursuant to the parties' agreement." But even if Mr. Mata-Rodriguez had not agreed with this calculation, the court would have reduced his sentence to 151 months (and no more than that) in any event because it had sentenced Mr. Mata-Rodriguez to the high-end of the advisory range at his initial sentencing. The court would not permit Mr. Mata-Rodriguez to contest issues at this juncture that could have been presented or were already presented in connection with the original sentencing. *See United States v. Vann*, 593 Fed. Appx. 782, 786 (10th Cir. 2014) (in a 3582(c)(2) proceeding, even if district court is permitted to engage in new fact-finding in determining amended guideline range, district court is not required to do so when district court, at original sentencing, made a specific drug quantity finding). Thus, to the extent Mr. Mata-Rodriguez suggests that he was denied the opportunity to contest the "flawed" presentence

investigation report, the court would not have permitted him that opportunity in any event. Indeed, the record reflects that Mr. Mata-Rodriguez successfully objected to several aspects of the presentence investigation report in connection with his original sentencing, including the criminal history score and the findings on drug quantities assigned to Mr. Mata-Rodriguez. And because the court did not consider any new evidence or issues in connection with the reduced sentence, a "re-sentencing hearing" did not occur and no transcript exists—the calculation of the reduction was made based solely on a mechanical application of the revised Drug Quantity Table to drug calculations that were made long ago.

Finally, the court denies Mr. Mata-Rodriguez's request for the appointment of counsel to assist him in any appeal relating to his reduced sentence. There is no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994). "[T]he right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Mata-Rodriguez's motion to reconsider (doc. 139) is denied.

**IT IS SO ORDERED.**

Dated this 1st day of July, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge