# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**	Case No. 10-20024-01-JWL

**Adrian Mata-Rodriguez,**

    **Defendant.**

## MEMORANDUM & ORDER

A jury convicted Adrian Mata-Rodriguez of various drug crimes, including distribution of and possession with intent to distribute 5 grams or more methamphetamine. Utilizing U.S.S.G. § 2D1.1, the presentence investigation report (PSR) calculated Mr. Mata-Rodriguez's total offense level as 38 with a criminal history category of II, with a resulting advisory guideline range of 262 months to 327 months. After resolving objections to the PSR, the court ultimately assessed a total offense level of 34 and a criminal history category of I, with a resulting advisory guideline range of 151 months to 188 months. The court sentenced Mr. Mata-Rodriguez to 188 months imprisonment, the high-end of the range. In February 2015, this court entered an order reducing Mr. Mata-Rodriguez's sentence to 151 months imprisonment in light of Amendment 782.

This matter is now before the court on Mr. Mata-Rodriguez's motion to reduce his sentence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Because the *Johnson*

decision does not apply to Mr. Mata-Rodriguez's sentence in any respect, Mr. Mata-Rodriguez is not entitled to relief.[1]

The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), dictates a minimum fifteen-year sentence if the offender violates § 922(g) and has "three previous convictions . . . for a violent felony or a serious drug offense." *Id.* § 924(e).  Under the ACCA,

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B)(i)-(ii) (emphasis added).  The emphasized language is commonly referred to as the "residual clause." *In re Gieswein*, 802 F.3d 1143, 1145 (10th Cir. 2015) (citing Johnson, 135 S. Ct. at 2556).  In *Johnson*, the Supreme Court held that enhancing a sentence under the residual clause violates a defendant's right to due process because that portion of the ACCA is unconstitutionally vague.  *Id.* (citing *Johnson*, 135 S. Ct. at 2557, 2563). The Tenth Circuit has applied *Johnson* to the residual clause of the definition of a "crime of violence" under the career offender guideline because that clause is nearly identical to the clause struck down by the Court in *Johnson*.  *See United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015) (residual clause of U.S.S.G. § 4B1.2(a)(2) is void for vagueness in light of *Johnson*).

---

[1] Mr. Mata-Rodriguez does not identify the procedural vehicle for his motion.  Regardless, because *Johnson* does not apply to Mr. Mata-Rodriguez's situation, there is no statute that would authorize the reduction requested.

The government directs the court to similar residual clauses in other Guidelines that the Circuit would likely find void for vagueness because those clauses mirror the one found in the ACCA, including clauses found in the criminal history guidelines (§§ 4A.1.1(e) & 4A1.2(p)); the firearms guideline (§ 2K2.1 & cmt. n.1); the explosive materials guideline (§ 2K1.3 & cmt. n.2); the money laundering guideline (§ 2S1.1 & cmt. n.1); the departure guideline for semi-automatic firearms (§ 5K2.17 & cmt. n.1); and the probation and supervised release guideline (§ 7B1.1(a)(1) & cmt. n.2).

A review of Mr. Mata-Rodriguez's PSR reveals that he was not deemed an armed career criminal under the ACCA and none of the Guidelines utilized in calculating Mr. Mata-Rodriguez's sentence are implicated by the Supreme Court's decision in *Johnson*. The holding in *Johnson*, then, is inapplicable to Mr. Mata-Rodriguez's situation and the court may not reduce Mr. Mata-Rodriguez's sentence based on the *Johnson* decision.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Mata-Rodriguez's motion to reduce sentence (doc. 149) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 12th day of May, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

3